IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYSHEED DAVIS, | No. 4:23-CV-00152 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| SCI DALLAS KITCHEN STAFF WORKERS, | |
| Defendants. | |

### MEMORANDUM OPINION

### MARCH 10, 2023

Plaintiff Tysheed Davis is currently incarcerated in the State Correctional Institution in Dallas, Pennsylvania (SCI Dallas). He filed the instant *pro se* Section 1983[1] action, concerning alleged deprivation of his constitutional rights, in the United States District Court for the Eastern District of Pennsylvania. The Eastern District promptly transferred the case to this Court. Davis's complaint, however, fails to state a claim upon which relief may be granted and therefore must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). It is assumed that Davis is attempting to file a Section 1983 lawsuit, although it is difficult to tell from his underdeveloped complaint.

## I.   STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2]  One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to

---

[2]   *See* 28 U.S.C. § 1915A(a).
[3]   *Id.* § 1915A(b)(1).
[4]   *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[5]   *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[6]   *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Davis proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13] This is particularly true when the *pro se* litigant, like Davis, is incarcerated.[14]

---

[7] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[8] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[9] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[10] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12] *Iqbal*, 556 U.S. at 681.
[13] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[14] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## II.     DISCUSSION

Davis's complaint is extremely brief and undeveloped.  He alleges that on January 3, 2022, he witnessed two correctional officers fighting in the kitchen at SCI Dallas.[15]  He claims that he "could of [sic] almost have gotten hurt," and that he "want[s] to sue and have these people arrested for that incident."[16]  It appears that Davis is employed in the SCI Dallas kitchen.[17]  He also asserts that he wants to become a "confidential informant on this case."[18]

It is unclear what type of federal claim, if any, Davis is attempting to raise.  In the section of the form complaint inquiring about the basis for federal jurisdiction, Davis simply wrote, "assault [sic]."[19]  Davis names as defendants "SCI Dallas kitchen staff workers,"[20] but provides no clarification as to whether he means that he is suing the correctional officers fighting in the kitchen or other unidentified SCI Dallas kitchen staff.  He requests $100,000 in damages and, as mentioned above, to be given "the opportunity to be a confidential informant . . . on this case."[21]

---

[15]  Doc. 1 at 3, 4.
[16]  *Id.*
[17]  *See id.* at 4 (discussing the fight between the two correctional officers in the kitchen and adding "and I have to work there").
[18]  *Id.*
[19]  *Id.* at 2.
[20]  *See id.* at 1.
[21]  *Id.* at 4.

There are numerous fatal deficiencies with Davis's complaint. The Court will address them in turn.

### A. Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[22] Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[23] Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[24]

Assuming Davis is raising a civil rights claim under Section 1983, and further assuming he intends to sue other "kitchen staff" besides the two correctional officers involved in the physical altercation, he does not include allegations that would establish personal involvement in a constitutional violation. Because Davis fails to allege personal involvement by any "kitchen staff" who are not the correctional officers, any Section 1983 claim against "SCI Dallas kitchen staff" must be dismissed.

---

[22] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).
[23] *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).
[24] *Id.* (quoting *Rode*, 845 F.2d at 1207).

### B. Alleged Eighth Amendment Violation

As previously noted, Davis's complaint is difficult to interpret. He did not utilize a form civil rights complaint (the complaint Davis used appears to be a general form complaint for *pro se* litigants filing a civil lawsuit in the Eastern District of Pennsylvania), and he does not reference any specific constitutional claims, amendments, or related statutes. Very liberally construed, Davis's complaint could be seen as asserting an Eighth Amendment "failure to protect" claim. If so, Davis fails to state a claim for relief.

To state an Eighth Amendment claim against a prison official for deliberate indifference to inmate health or safety, sometimes referred to as a "failure-to-protect" claim, the inmate must plausibly plead that "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to [the prisoner's] health and safety, and (3) the official's deliberate indifference caused [the prisoner] harm."[25] In this context, deliberate indifference is a subjective standard; that is, "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety."[26] Actual knowledge or awareness of a substantial risk to an inmate's

---

[25] *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012), *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d Cir. 2020).
[26] *Id.* (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)).

safety can be proven "in the usual ways, including inference from circumstantial evidence."[27]

Even assuming Davis's allegations establish conditions "posing a substantial risk of serious harm" and that the unidentified correctional officers were deliberately indifferent to that risk, he has not alleged that he has been caused any harm. Davis's pleading makes clear that he "could've gotten hurt," but did not.[28] Thus, if Davis is attempting to assert an Eighth Amendment failure-to-protect claim, he has not, and cannot, do so.

### C. Compensatory Damages for Section 1983 Claim

Davis states that he is seeking $100,000.00 in monetary damages. However, he is barred from seeking compensatory monetary damages for his Section 1983 claim (if he is raising one) because he has not suffered a physical injury. Under the PLRA, a prisoner cannot recover compensatory damages under Section 1983 for "mental or emotional injury" without first establishing "a prior showing of physical injury or the commission of a sexual act."[29] Davis has not suffered a physical injury from the purported kitchen brawl, and thus his request for compensatory damages must be dismissed.

---

[27] *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)).
[28] *See* Doc. 1 at 3, 4.
[29] 42 U.S.C. § 1997e(e); *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003).

### D.     Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[30]  Leave to amend will be denied because amendment would be futile.  Davis has not, and cannot, state a Section 1983 claim based on the incident described in his complaint.  If Davis is attempting to assert only a state-law tort claim of assault,[31] (rather than a federal civil rights claim), this Court has no jurisdiction to entertain that lawsuit.[32]  Davis, if he desires, may bring such a claim in the appropriate state court.

## III.    CONCLUSION

Based on the foregoing, the Court will dismiss with prejudice Davis's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which relief may be granted.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[30] *Grayson*, 293 F.3d at 114.
[31] *See, e.g.*, *Sides v. Cleland*, 648 A.2d 793, 796 (Pa. Super. Ct. 1994) (reciting elements of tort of assault under Pennsylvania law) (citing RESTATEMENT (SECOND) OF TORTS § 21 (AM. LAW INST. 1965)).
[32] If Davis were attempting to invoke diversity jurisdiction under 28 U.S.C. § 1332 for state-law claims only, it is unlikely that the parties are completely diverse and even less plausible that the amount in controversy could exceed $75,000, as there were no injuries involved.  *See* 28 U.S.C. § 1332(a).