# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYSHEED DAVIS,

      Plaintiff,

    v.

SCI DALLAS KITCHEN STAFF
WORKERS,

      Defendants.

No. 4:23-CV-00152

(Chief Judge Brann)

## ORDER

**AND NOW**, this 10th day of March 2023, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motions for leave to proceed *in forma pauperis* (Doc. Nos. 7, 9, 14) are **GRANTED**;

2. Plaintiff shall pay the full filing fee of $350.00 based on the financial information provided in the application to proceed *in forma pauperis*. The full filing fee shall be paid regardless of the outcome of the litigation;

3. Pursuant to 28 U.S.C. § 1915(b)(1) and (2), the Superintendent, Warden, or other appropriate official at Plaintiff's place of confinement is directed to deduct an initial partial filing fee of 20% of the greater of:

    a. The average monthly deposits in the inmate's prison account for the past six months, or

    b. The average monthly balance in the inmate's prison account for the past six months.

The initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pennsylvania, 18501-1148, to be credited to the above-captioned docket number.  In each succeeding month, when the amount in Plaintiff's inmate trust fund account exceeds $10.00, the Superintendent/Warden, or other appropriate official, shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to plaintiff's inmate trust fund account until the fees are paid.  Each payment shall reference the above-captioned docket number;

4.      The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent/Warden of the institution wherein Plaintiff is presently confined;

5.      Plaintiff's complaint (Doc. 1) is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  If Plaintiff desires to assert only state-law claims, those claims may be raised in the appropriate state court.

6.      Plaintiff's motion for appointment of counsel (Doc. 13) is **DISMISSED** as moot.

7.      The Clerk of Court is directed to CLOSE this case.


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge


2